UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jason T. Berry</u>

   v.                                            Civil No. 17-cv-143-LM

<u>Federal Bureau of Investigations and</u>
<u>Mark Hastbacka, FBI Special Agent</u>

**REPORT AND RECOMMENDATION**

Before the court is the motion for a preliminary injunction (Doc. No. 8) filed by plaintiff, Jason T. Berry. That motion has been referred to the undersigned magistrate judge for a report and recommendation. <u>See</u> July 5, 2017 Order.

**Background**

Plaintiff, who does not live with his parents, asserts he submitted a request for information under the Freedom of Information Act ("FOIA"), addressed to the Bedford, New Hampshire FBI office on February 23, 2017. <u>See</u> Compl. ¶¶ 8, 16, 20 (Doc. No. 1). Plaintiff did not mention his parents or provide their contact information in that FOIA request. <u>See</u> Compl. ¶ 26.

Plaintiff asserts that the following day, defendant FBI Special Agent Mark Hastbacka left a voicemail on plaintiff's parents' home phone, relating to plaintiff, asking them to

return Hastbacka's call.  See Compl. ¶ 19 (Doc. No. 1).

Plaintiff asserts that after his parents told him about that

voicemail, plaintiff wrote letters to Hastbacka several times in

February and March 2017, asking Hastbacka to reply to plaintiff

in writing.  See Compl. ¶ 24 (Doc. No. 1).  Hastbacka responded

to some of that correspondence by providing his business card

and a printout of directions for contacting the FBI Records

Division.  See Compl. ¶ 24 (Doc. No. 1).  Additionally,

plaintiff asserts that he sent Hastbacka a "memo" on March 9,

2017 inquiring how and why Hastbacka had left a voicemail with

his parents, in regards to plaintiff.  Compl. ¶ 26 (Doc. No. 1);

Mar. 9, 2017 Ltr. (Doc. No. 8-2).  Hastbacka did not respond to

the March 9 correspondence and has had no further contact with

plaintiff.  Compl. ¶ 27 (Doc. No. 1).

    Plaintiff filed this action on April 18, 2017, seeking

damages and injunctive relief for defendants' alleged violations

of the Privacy Act and for Hastbacka's alleged invasion of

plaintiff's private affairs.  Plaintiff asserts that Hastbacka's

conduct, including leaving a voicemail message on plaintiff's

parents' phone, has caused him emotional distress.

    Plaintiff filed the instant motion for a preliminary

injunction (Doc. No. 8) after defendants moved to dismiss the

complaint for failure to state a claim.[1]  Plaintiff has requested a preliminary injunction enjoining the FBI and Hastbacka, defendants in this action, from having any further contact with plaintiff's family while this action is pending.  Defendants have objected (Doc. No. 10) to the motion for a preliminary injunction.

## Discussion

### I. Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32

---

[1]Defendants' motion to dismiss (Doc. No. 7) remains pending. Plaintiff has objected to that motion (Doc. No. 11).  The deadline for defendants to file a reply to that objection is July 28, 2017, and a surreply may be filed by August 4, 2017. See July 20, 2017 Order.

(1st Cir. 2011) ("'[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'" (citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'"  Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted).  The parties have had such an opportunity to date, and an additional opportunity is provided by the objection period that follows the issuance of this Report and Recommendation.

**II.  Irreparable Harm**

"A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.,

4

370 F.3d 151, 162 (1st Cir. 2004). Plaintiff seeks to enjoin the FBI and Hastbacka from contacting his parents during this lawsuit. Plaintiff bases that request on allegations that Hastbacka left a voicemail on plaintiff's parents' phone once, prior to the date when this lawsuit was filed, without plaintiff providing Hastbacka with his parents' contact information. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a 'likelihood of substantial and immediate irreparable injury.'" City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); see also Asociasion De Periodistas De P.R. v. Mueller, 680 F.3d 70, 84-85 (1st Cir. 2012).

Assuming, without deciding, that Hastbacka's conduct could give rise to liability under any federal law, plaintiff's allegations do not suggest that there is any likelihood of such conduct recurring while this lawsuit is pending. Plaintiff's fears about further contacts between defendants and plaintiff's parents are entirely speculative. Plaintiff has not grounded his request for relief in any evidence showing a likelihood that such contacts will happen again unless this court issues the requested injunction. Accordingly, plaintiff has not carried

his burden of establishing irreparable harm, and for that reason, the district judge should deny the motion for a preliminary injunction (Doc. No. 8).

## Conclusion

For the foregoing reasons, the district judge should deny the motion for a preliminary injunction (Doc. No. 8). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 24, 2017

cc:  Jason T. Berry, pro se
     Robert J. Rabuck, Esq.