```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jason Berry

   v.                                    Civil No. 17-cv-143-LM
                                        Opinion No. 2018 DNH 024
Federal Bureau of
Investigation, et al.


**O R D E R**

Jason T. Berry brings claims for violation of the Privacy Act, 5 U.S.C. § 552a, against the Federal Bureau of Investigation ("FBI") and one of its agents, Mark Hastbacka, alleging that Hastbacka improperly disclosed information about him to third parties. Berry also brings a Bivens claim against Hastbacka based on the same alleged conduct. The FBI and Hastbacka move to dismiss, arguing that Berry's claims fail as a matter of law. Berry objects.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## BACKGROUND[1]

Berry is a former probation and parole officer for the state of New Hampshire. In this role, Berry assisted members of the FBI's Safe Streets Task Force in arrests and other tasks. On February 23, 2017, Berry sent a request under the Freedom of Information Act ("FOIA") to the FBI office in Bedford, New Hampshire, seeking "any information regarding his personal information and historical documentation of his past involvement in the activities of the Safe Streets Task Force in New Hampshire." Doc. no. 26 at ¶ 16.

In response to Berry's FOIA request, Hastbacka called Berry's parents and left a voicemail on their home phone. In that voicemail, Hastbacka said that he was calling about some correspondence that Berry had sent. Hastbacka added that he had "tried to call [Berry] a couple of times, he's not picking up, and there's no voicemail." Doc. no. 26 at ¶ 21. Hastbacka

---

[1] The facts contained in this section are taken from the allegations in Berry's amended complaint ("complaint"), which is the operative complaint in this action. See doc. no. 26.

requested that Berry call him back and left a telephone number where Berry could reach him.

Berry's parents were not aware that he had sent a FOIA request to the FBI.  Upon hearing the voicemail, Berry's parents "were confused and concerned about being contacted by the Federal Bureau of Investigation about their son."  Doc. no. 26 at ¶ 23.

## **DISCUSSION**

Berry, proceeding pro se, brought this lawsuit, alleging one count against the FBI and Hastbacka under the Privacy Act.  In that count, Berry also contends that "Hastbacka is excepted from any immunity . . . under the legal precedents established by Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)."  Doc. no. 26 at ¶ 38.  Bivens is not a basis for creating liability under the Privacy Act, but instead allows, in certain circumstances, a claim "for damages against federal officers alleged to have violated a citizen's constitutional rights."  Casey v. Dep't of Health & Human Servs., 807 F.3d 395, 400-01 (1st Cir. 2015).  Because Berry is pro se, the court construes his complaint as alleging a separate claim for damages under Bivens.  Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

Berry's claims are premised on the allegation that Hastbacka or the FBI violated his privacy rights when Hastbacka disclosed to Berry's parents that he had sent correspondence to the FBI. The defendants move to dismiss Berry's claims. In support, Hastbacka argues that he is not a proper defendant under the Privacy Act and that the conduct alleged in the complaint cannot be the basis for a Bivens claim. In addition, the FBI contends that Berry's claim against it must be dismissed because the relief that Berry has alleged he is entitled to is not available under the Privacy Act. Berry objects.

## I. Claims Against Hastbacka

Berry's complaint asserts claims against Hastbacka under the Privacy Act and under Bivens, 403 U.S. at 388.

### A. Privacy Act

"The Privacy Act limits all administrative agency disclosure of personal records, subject to various exceptions," Flock v. United States Dep't of Transportation, 840 F.3d 49, 53 (1st Cir. 2016) (citing 5 U.S.C. § 552a(b)), cert. denied sub nom. Flock v. Dep't of Transp., 137 S. Ct. 2268 (2017)), none of which is relevant here. The Privacy Act contains a civil remedies provision, which permits an individual harmed by a violation of the Act to bring a civil lawsuit. See 5 U.S.C. § 552a(g)(1). That provision, however, only provides for a

civil action against a federal agency.  Id. ("[An] individual may bring a civil action against the agency . . . .").

Accordingly, courts have routinely dismissed claims under the Privacy Act against individual defendants.  See e.g., Flores ex rel. Estate of Flores v. Fox, 394 F. App'x 170, 172 (5th Cir. 2010) ("The district court properly dismissed Flores's claims for damages against the individual defendants because only agencies may be sued under the Privacy Act."); Moon v. Rivas, No. 15-CV-00890-NJR, 2015 WL 5585637, at *4 (S.D. Ill. Sept. 21, 2015); Ghaffari v. Internal Revenue Serv., No. 5:14-CV-02927-PSG, 2015 WL 3630217, at *2 (N.D. Cal. June 10, 2015) ("Section 522a(g)(1) only allows plaintiffs to bring civil actions 'against the agency.'"); Huene v. U.S. Dep't of the Treasury, No. 2:11-CV-02110 JAM, 2012 WL 1197564, at *5 (E.D. Cal. Apr. 10, 2012), report and recommendation adopted, No. CIV-S-11-2110-JAM, 2012 WL 2261007 (E.D. Cal. June 15, 2012); Burns v. Potter, 334 F. Supp. 2d 13, 21 (D. Mass. 2004).

As Hastbacka is not a proper defendant under the Privacy Act, Berry's claim against him under the Act fails as a matter of law.

### B. Bivens Claim

Berry next alleges that Hastbacka is individually liable under Bivens, 403 U.S. at 388.  "In Bivens, the Supreme Court recognized for the first time an implied private right of action

5

for damages against federal officers alleged to have violated a citizen's constitutional rights." Casey, 807 F.3d at 400. "The scope of constitutional violations redressable by means of a Bivens action is, however, quite limited." Id. In Bivens itself, the Supreme Court recognized an implied private right of action to remedy unlawful searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397. Since Bivens was decided over 40 years ago, the Supreme Court has only extended its holding to two other types of constitutional violations. Casey, 807 F.3d at 401; see also Carlson v. Green, 446 U.S. 14 (1980) (allowing Bivens action to redress Eighth Amendment violations committed by prison officials); Davis v. Passman, 442 U.S. 228 (1979) (allowing Bivens action to redress employment discrimination in violation of the Due Process Clause of the Fifth Amendment). "The Court's hesitancy to extend Bivens further stems, at least in part, from its recognition that Congress is generally better-positioned to craft appropriate remedial schemes to address constitutional violations committed by federal officers." Id.

The conduct that Berry alleges in his complaint is not the type of rights violation that the Supreme Court has held can be remedied under Bivens. Therefore, for Berry to proceed on his claim, the court must expand the scope of the implied private right of action recognized in Bivens. Ziglar v. Abbasi, 137 S.

6

Ct. 1843, 1859 (2017) (explaining that applying Bivens to any case that is "different in a meaningful way from previous Bivens cases decided by this Court" is an expansion of the doctrine).

The Supreme Court has "made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." Id. at 1857 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). A plaintiff will not have access to a Bivens remedy "if there are special factors counselling hesitation in the absence of affirmative action by Congress." Id. at 1857 (internal quotation marks omitted). Further, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id. at 1858; see also Gonzalez v. Velez, 864 F.3d 45, 53 (1st Cir. 2017) (concluding that no Bivens remedy was available where alternative federal remedy existed). "For if Congress has created 'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" Ziglar v. Abbasi, 137 S. Ct. 1858 (quoting Wilkie v. Robbins, 551 U.S. 537, 550, (2007)). Accordingly, "when alternative methods of relief are available, a Bivens remedy usually is not." Id. at 1863.

As discussed above, the Privacy Act provides a remedy protecting Berry's interest in the government not disclosing information about him.  See 5 U.S.C. § 552a(b)&(g).  Because of this remedial scheme, courts have refused to imply a private right of action under Bivens for claims based on the disclosure of personal information.  See e.g., Wilson v. Libby, 535 F.3d 697, 710 (D.C. Cir. 2008) (affirming dismissal of Bivens claim based on disclosure of information "because Congress created a comprehensive Privacy Act scheme"); Downie v. City of Middleburg Heights, 301 F.3d 688, 697 (6th Cir. 2002) (affirming district court's dismissal of Bivens claim based on disclosure of information "because the Privacy Act is a comprehensive legislative scheme that provides a meaningful remedy for the kind of wrong [plaintiff] alleges that he suffered"); Bloch v. Exec. Office of the President, 164 F. Supp. 3d 841, 860 n.26 (E.D. Va. 2016) (dismissing Bivens claim based on agency disclosure of information); Gibson v. Holder, No. 3:14CV641/MCR/EMT, 2015 WL 5635125, at *7 (N.D. Fla. Aug. 3, 2015), report and recommendation adopted, No. 3:14CV641/MCR/EMT, 2015 WL 5634596 (N.D. Fla. Sept. 23, 2015) (same) (collecting cases); Zaits v. Beloryan, No. CV 13-9374 GAF(AGRx), 2014 WL 12586446, at *4 (C.D. Cal. Mar. 27, 2014) (same); Young v. Tryon, No. 12-CV-6251-CJS-MWP, 2013 WL 2471543, at *6-7 (W.D.N.Y. June 7, 2013) (same).

The court finds the reasoning of these cases persuasive. Here, just as in those cases, the Privacy Act provides a meaningful remedy for the conduct alleged in the complaint. For that reason, Berry may not bring a Bivens claim to remedy Hastbacka's alleged disclosure of his personal information.

In his objection, Berry contends that his Bivens claim may proceed because it is a "multi-pronged, multi-faceted Violation of Privacy and the Privacy Act," which includes violations of state tort law. Doc. no. 28 at 7. As an initial matter, Bivens "provides a cause of action for constitutional claims only," meaning that state tort violations are not redressable under the Bivens remedy. See Labadie v. United States, No. C09-1276 MJP, 2011 WL 1376235, at *10 (W.D. Wash. Apr. 12, 2011) (dismissing state tort law claims made pursuant to Bivens). In any event, regardless of the theory that Berry uses to describe the conduct alleged in his complaint, Congress has provided a remedy for that conduct through the Privacy Act. Therefore, Berry's Bivens claim cannot proceed. See Downie, 301 F.3d at 697.[2]

---

[2] Because the court has concluded that a Bivens action is not available here, the court need not determine whether Hastbacka would be entitled to qualified immunity based on the allegations in the complaint.

II. Privacy Act Claim Against the FBI

Berry alleges a claim against the FBI under the Privacy Act, seeking damages and permanent injunctive relief. The FBI moves to dismiss Berry's claim, arguing that the relief sought in the complaint is not available under the Privacy Act. Berry disagrees.

A. Emotional Distress Damages

In his complaint, Berry seeks "reasonable and appropriate compensatory damages," including damages for emotional distress. Doc. no. 26 at 11. The FBI argues that Berry's claim for damages must be dismissed because the only injury alleged in the complaint is emotional distress, which, it argues, is an injury that cannot support an award for damages under the Privacy Act.

In response, Berry does not dispute that the only injury he has alleged in support of his damages claim is emotional distress. Rather, Berry contends that emotional distress damages are available under the Privacy Act.

The Privacy Act's civil remedies provision provides that for any "intentional or willful" refusal or failure to comply with the Act, the United States shall be liable for "actual damages" caused by that refusal or failure. F.A.A. v. Cooper, 566 U.S. 284, 291 (quoting 5 U.S.C. § 552a(g)(4)(A)). In F.A.A. v. Cooper, the Supreme Court considered whether the "actual damages" allowed under the Privacy Act includes damages for

emotional distress.  566 U.S. at 290-91 (2012).  The Court concluded that it did not, interpreting "actual damages" to encompass only damages for tangible economic or pecuniary harm.  Id. at 298, 302-04.

Because the Privacy Act allows plaintiffs to recover damages against the federal government, that provision operates as a waiver of the government's sovereign immunity.  Cooper, 566 U.S. at 291.[3]  The Court's decision in Cooper was guided by two related statutory construction rules concerning waivers of sovereign immunity.  First, waivers of sovereign immunity "must be unequivocally expressed in [the] statutory text."  Id. at 290 (internal quotation marks omitted).  And second, "any ambiguities in the scope of a waiver [are construed] in favor of the sovereign."  Id. at 291.  After analyzing the statutory language and its context, the Cooper court concluded that it was plausible to interpret the term "actual damages" as synonymous with "special damages," a category of damages that does not include damages for emotional distress.  Id. at 296-97.  Because that interpretation was plausible, the Court adopted it and, in

---

[3] See Schlip v. Dep't of Veterans Affairs, No. CV 16-421S, 2016 WL 6127684, at *2 (D.R.I. Sept. 7, 2016), report and recommendation adopted, No. CV 16-421 S, 2016 WL 6127505 (D.R.I. Oct. 20, 2016) ("As a sovereign, the United States is immune from suit except to the extent that it has waived its sovereign immunity.").

11

doing so, declined to "expand the scope of Congress' sovereign immunity waiver beyond what the statutory text clearly requires." Id. at 299.

Berry points to language in Cooper observing that the meaning of "actual damages" is "far from clear" and that the Privacy Act does not "unequivocally authorize" awards for emotional distress. See Cooper, 566 U.S. at 292, 304. Berry asserts that this language demonstrates that the meaning of the term is still open for interpretation. Berry is mistaken. As discussed above, to operate as a waiver of sovereign immunity, the statutory language must clearly and unequivocally waive immunity. The Court's conclusion in Cooper that the Privacy Act does not allow awards for emotional damages was premised on its conclusion that the statutory language failed to unequivocally provide for such relief. Id. at 298-99. Accordingly, the language that Berry quotes does not support his argument that emotional distress damages are available under the Privacy Act.

In addition, Berry cites several cases in support of his argument that the Privacy Act allows for damages based on emotional distress. See doc. no. 28 at 4-6 (citing cases). The cases that Berry cites, however, were decided before the Supreme Court's 2012 decision in Cooper. To the extent those cases differ from Cooper's conclusion that emotional damages are not

12

permitted under the Privacy Act, they are overruled and are no longer good law.

Here, the only injury that Berry alleges in support of his claim for damages under the Privacy Act is emotional distress. Because damages for emotional distress are not included in the "actual damages" available under the Privacy Act, Berry has not alleged a plausible claim for damages.

B.  Injunctive Relief

In his complaint, Berry requests permanent injunctive relief against the FBI.  Specifically, Berry requests that the court issue a permanent injunction prohibiting the FBI from contacting Berry and his family or disclosing information about Berry to outside parties.  The FBI contends that this relief is unavailable to Berry under the Privacy Act.  In response, Berry argues that he is entitled to injunctive relief under the Privacy Act.

The civil remedies provision in the Privacy Act "limits the injunctive relief available under the statute to an order that an agency correct inaccurate, incomplete, irrelevant, or untimely records, 5 U.S.C §§ 552a(g)(1)(A), (2)(A), or give individuals access to their records.  Id. § 552a(g)(1)(B)."  In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig., 266 F. Supp. 3d 1, 43 (D.D.C. 2017); see also Makowski v. United States, 27 F. Supp. 3d 901, 916 (N.D. Ill. 2014).  By expressly

limiting the situations in which injunctive relief is available, the Privacy Act "precludes other forms of declaratory and injunctive relief." Tarullo v. Def. Contract Audit Agency, 600 F. Supp. 2d 352, 358 (D. Conn. 2009) (quoting Doe v. Stephens, 851 F.2d 1457, 1463 (D.C. Cir. 1988)). Accordingly, the Privacy Act does not provide a right of action to enjoin agencies from disclosing personal information. Id. (dismissing plaintiff's Privacy Act claim for injunctive relief); Shields v. Shetler, 682 F. Supp. 1172, 1176 (D. Colo. 1988) ("[T]he Privacy Act of 1974 does not create a private right of action to enjoin agency disclosures.").

Here, Berry seeks an injunction under the Privacy Act prohibiting the FBI from contacting his family or disclosing his personal information. Because that type of injunctive relief is not available under the Privacy Act, Berry's claim for injunctive relief fails.[4]

Accordingly, Berry has failed to allege that he is entitled to any relief against the FBI under the Privacy Act. Therefore, Berry's Privacy Act claim against the FBI must be dismissed.

---

[4] Berry also seeks an injunction against Hastbacka. As the court has concluded, however, Hastbacka is not a proper defendant under the Privacy Act. In any case, as discussed above, the injunctive relief that Berry seeks against the FBI and Hastbacka is not available under the Privacy Act.

III. Additional Claims and Legal Theories

Berry contends that the defendants' motion to dismiss improperly narrows "the scope of the claims and violations in the plaintiff's complaint." Doc. no. 30 at 3. Berry also asserts that his claims are based on a "multi-pronged, multi-faceted violation of Privacy and the Privacy Act," which includes violations of laws that are not addressed in the complaint. Doc. no. 28 at 7-8. Consistent with the leniency afforded pro se litigants and their pleadings, the court has construed Berry's complaint as broadly as possible, recognizing all potential claims mentioned in the complaint. To the extent Berry intended to bring other claims not asserted in the complaint, those claims are not properly before the court and are not a basis for opposing the defendants' motion to dismiss.

In sum, Berry has failed to allege sufficient facts to state any plausible claims for relief against Hastbacka and the FBI. The court, therefore, grants the defendants' motion to dismiss. Nonetheless, because Berry is pro se, has not had the opportunity to amend the substantive allegations in his complaint,[5] and contends that he has other claims for relief, the

---

[5] Although Berry has filed an amended complaint, doc. no. 26, that amendment was only for the purpose of adding an exhibit to the original complaint and did not amend that pleading's substantive allegations. See doc. no. 25.

15

defendants' motion to dismiss is granted without prejudice to Berry's ability to file a complaint that states sufficient claims against Hastbacka and the FBI.  See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004) (concluding that plaintiff's pro se status supported allowing opportunity to amend complaint before dismissal).

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss (doc. no. 27) is granted without prejudice to Berry's ability to file a second amended complaint setting forth facts sufficient to state plausible claims against Hastbacka or the FBI.  Rodi, 389 F.3d at 20.  Berry has until March 5, 2018, to file a second amended complaint.  Failure to file a second amended complaint within this time frame will result in the dismissal of Berry's claims against the defendants with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 5, 2018

cc: Counsel of Record